# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**RICKY LEE TAYLOR,**           ]
                                ]
    **Plaintiff,**            ]
                                ]
**v.**                          ]
                                ]
**MICHAEL J. ASTRUE,**          ]   **Case No.:  2:10-CV-2389-VEH**
**Commissioner of Social Security** ]
**Administration,**             ]
                                ]
    **Defendant.**            ]

## MEMORANDUM OPINION

### I.    INTRODUCTION

Pending before the court is Defendant's Motion to Dismiss with Brief in Support (Doc. 6) (the "Motion") filed on December 13, 2010.  On December 16, 2010, the court entered a show cause order on the Motion (Doc. 7), and on December 27, 2010, Plaintiff filed his response.  (Doc. 8).  Defendant followed with his reply (Doc. 11) on January 19, 2011.

For the reasons explained below and as clarified herein, Defendant's Motion is due to be granted in part for lack of subject matter jurisdiction, and is otherwise due to be termed as moot.

**II.    STANDARD**

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id*. (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410.  "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Moreover, "[t]he jurisdiction of a court over the subject matter of a claim

involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the express exception of civil rights cases that have been removed - orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review. More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise</u>, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter

3

how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

## III.  ANALYSIS

Defendant initially premises his Motion upon Plaintiff's failure to exhaust his administrative remedies under the Social Security Act. (*See, e.g.*, Doc. 6 at 1 ("However, Plaintiff failed to exhaust his administrative remedies, and therefore has not received a 'final decision' of the Commissioner as required to obtain judicial review under 42 U.S.C. § 405(g).") (emphasis added)).  The administrative exhaustion doctrine "is well established in the jurisprudence of administrative law" and "provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *McKart v. U.S.*, 395 U.S. 185, 193 (1969) (emphasis added) (citations omitted).

However, Defendant subsequently maintains that Plaintiff's case should be dismissed for lack of subject matter jurisdiction. (*See, e.g.*, Doc. 6 at 5 ("Plaintiff cannot establish subject-matter jurisdiction under 42 U.S.C. § 405(g) because he has

<u>not received a final decision</u> after a hearing from the Commissioner that would be subject to judicial review.") (emphasis added)).  More specifically, Defendant explains that no final decision has been reached regarding Plaintiff's claim because a document dated July 15, 2010, which Plaintiff submitted to the Social Security Administration, is being treated "as a request for reconsideration of the Agency's May 31, 2010, determination that Plaintiff's SSI benefits should be suspended."[1] (Doc. 11 at 2 (citing Doc. 1 at Ex. A)).

Because the decision suspending Plaintiff's SSI benefits is still under administrative review, Defendant further clarifies that:

> <u>Plaintiff cannot establish subject-matter jurisdiction under 42 U.S.C. § 405(g) because he has not received a final decision</u> after a hearing from the Commissioner that would be subject to judicial review. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977). Judicial review is authorized under 42 U.S.C. § 405(g) only for a "final decision of the Commissioner of Social Security made after a hearing." *Weinberger v. Salfi*, 422 U.S. 749, 764 (1975).  The Act gives the Commissioner the general authority to determine what constitutes a "final decision" because he is ultimately responsibility for the integrity of the administrative program.  *See* 42 U.S.C. § 405(a); *Sims v. Apfel*, 530 U.S. 103, 106 (2000); *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976); *Salfi*, 422 U.S. at 766.
>
> <u>Defendant devised a multi-tiered administrative review system generally consisting of an initial determination, a reconsideration</u>

---

[1] "SSI" stands for supplemental security income and is one category of disability benefits that is available to qualifying claimants under the Social Security Act.

<u>determination, a hearing decision from an administrative law judge (ALJ), and discretionary review from the Appeals Council</u>. *See* 20 C.F.R. § 416.1400(a)(1)-(5) (2010).  Each step of administrative review must be requested within a set period and pursued in order.  *See id.* If a claimant does not pursue his administrative appeal rights through this process, the last administrative determination or decision becomes binding.  *See* 20 C.F.R. §§ 416.1405, 416.1421, 416.1455, 416.1481.

      Plaintiff appears to challenge the suspension of his SSI benefits (Doc. 1,Complaint ¶ 9), but has not demonstrated or alleged that he exhausted his administrative remedies regarding the Defendant's administrative actions.  Determinations regarding the suspension of a beneficiary's SSI payments, the existence of an overpayment, and whether an overpayment of benefits must be  repaid are initial determinations of the Defendant. *See* 20 C.F.R. § 416.1402(b)-(c). It appears Plaintiff requested reconsideration of the May 31, 2010, initial determination to suspend his SSI payments (Doc. 1, Complaint, Exhibit A ¶¶ 9-10).  Defendant is processing Plaintiff's request; therefore Plaintiff has not yet received a reconsideration determination (Decl. ¶¶ 8-9). <u>As such, Plaintiff has not yet obtained a final decision after a hearing that might be subject to judicial review</u>.  *See Sanders*, 430 U.S. at 108.

(Doc. 11 at 4-5 (emphasis added) (footnote omitted)).  Therefore, from a subject matter standpoint, it appears that Defendant seeks a dismissal of Plaintiff's case for lack of ripeness, although that particular term is not used by Defendant in either one of his briefs.[2]

---

[2] Despite Defendant's failure to specifically raise ripeness in his Motion, it is beyond question that this court has an independent duty to assess and confirm that this case is constitutionally ripe for review.  *See, e.g., Univ. of S. Ala.*, 168 F.3d at 410 ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.") (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).  Moreover

Reviewing for ripeness is one of the relevant inquiries pertaining to subject matter jurisdiction. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.7 (11th Cir.1989) ("Ripeness is a question of subject matter jurisdiction."). As aptly explained by another district court within this circuit:

> Ripeness is essentially a "question of timing." *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140, 95 S. Ct. 335, 42 L. Ed. 2d 320 (1974). The Eleventh Circuit has held that two factors are to be considered in determining whether a plaintiff's grievances are so ripe as to constitute a justiciable "case or controversy." The first is "the fitness of the issues for judicial decision." *Digital Properties*, 121 F.3d at 589. Courts should be cautious when a case is anchored in future events that may not occur as anticipated, if at all; courts simply "may not pass on hypothetical matters." *Kirby*, 195 F.3d at 1290. The second factor is "the hardship to the parties of withholding court consideration." *Digital Properties*, 121 F.3d at 589. In short, the possibility that a court might venture into the realm of speculation should not categorically curtail review when such a curtailment would entail significant detriment to a party. *But cf. Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 300, 99 S. Ct. 2301, 60 L. Ed. 2d 895 (1979) ("Even though a challenged statute is sure to work the injury alleged, however, adjudication might be postponed until a better factual record might be available.") (internal quotations omitted).

*A & M Enterprises, LLC. v. Houston*, 179 F. Supp. 2d 1356, 1360-61 (M.D. Ala. 2001) (emphasis added).

In the case of *Taylor v. Appleton*, 30 F.3d 1365 (11th Cir. 1994), the court drew the following distinction between the judicial doctrines of administrative

---

and regardless, Defendant has generally asserted that this court lacks subject matter jurisdiction to hear Plaintiff's case.

exhaustion and ripeness:

> Defendants moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). <u>Exhaustion of administrative remedies is not a jurisdictional requirement, however</u>. *Dresser*, 596 F.2d 1231, 1238. Instead, it is "an exhaustion of administrative remedies requirement . . . <u>perform[ing] a function similar to the judicial doctrine of ripeness by postponing judicial review</u>." *Id.* Therefore, the FOIA claim should not have been dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. <u>Rather, it should have been dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted</u>.

*Taylor*, 30 F.3d at 1367 n.3 (emphasis added). Another critical difference between a subject matter jurisdiction dismissal versus a failure to exhaust administrative remedies one is that the former is <u>without prejudice</u>[3] while the latter, as a merits-based ruling, is accordingly <u>with prejudice</u>.

    *Taylor* involved a plaintiff who filed a Freedom of Information Act ("FOIA")

---

[3] The law is well-established that dismissals <u>for lack of subject matter jurisdiction</u> are necessarily without prejudice for this court must have subject matter jurisdiction in order to enter a merits-based dismissal <u>with</u> prejudice. *See, e.g., Stalley ex rel. U.S. v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1234-35 (11th Cir. 2008) ("Since we conclude that Stalley lacks standing because he has no injury in fact and because the MSP is not a qui tam statute, <u>the district court lacked subject matter jurisdiction over the complaint, and it had no power to render a judgment on the merits</u>.") (emphasis added) (citation omitted); *id.* at 1235 ("However, since the district court did not have subject matter jurisdiction in this case, Stalley's complaint should have been dismissed without prejudice."); *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400 (11th Cir. 2000) (vacating district court's order granting declaratory relief and directing court "to dismiss the case without prejudice" due to lack of subject matter jurisdiction).

8

lawsuit due to his belief that certain "IRS files contained false and inaccurate information about him." *Taylor*, 30 F.3d at 1366. As the Eleventh Circuit summarized the circumstances leading up to the FOIA lawsuit in *Taylor*:

> As Taylor notes, Section 552(a)(6)(A)(i) requires the government agency within ten days to immediately notify the person making the request (1) of a determination to comply or not comply, and (2) the right to appeal any adverse determination. The IRS did not simply ignore Taylor's FOIA request. Within the ten-day period, it acknowledged receipt of Taylor's request and informed him that his request was being forwarded to the IRS office in Ft. Lauderdale. The Ft. Lauderdale office did not reply within ten days. After the requirements for constructive exhaustion arguably were met under Section 552(a)(6)(C), Taylor could have filed a lawsuit in federal court to compel a response by the IRS. However, instead of filing suit in federal court, Taylor waited for a response from the IRS.
>
> Approximately one month later, on June 27, 1990, Taylor received some documents from the IRS. Because Taylor believed that various requested documents had not been produced and that the documents produced were disorganized, he filed an administrative appeal and second request on July 6, 1990.FN4 By letter dated July 27, 1990, the IRS responded to Taylor's second letter, produced additional documents, denied access to certain documents citing specific provisions of FOIA. Regarding some documents requested but not produced, the IRS directed Taylor to (1) send form 4506 with $4.25 for additional 941 or 940's; (2) obtain from the reading room in Washington, D.C., cases he sought that had been cited by Andreachi during the tax penalty case; and (3) obtain third party consent for the release of confidential information that was exempt from disclosure pursuant to 5 U.S.C. § 552(b)(7)(C). The letter also stated that enclosed with the letter was a form explaining documents exempt from FOIA discovery and appeal procedures. <u>According to the record before us, this is the first letter informing Taylor of his right to an administrative appeal and it is on this date that the IRS complied with the requirements of FOIA.</u> *See* 5 U.S.C. § 552(a)(6)(A). <u>Taylor does not allege that he</u>

<u>complied with any of the IRS's requests or pursued his administrative remedies, choosing instead to file suit in the district court on August 22, 1990</u>. We must decide <u>whether, under these circumstances, Taylor had to actually exhaust his administrative remedies before filing a lawsuit in federal court</u>.

*Taylor*, 30 F.3d at 1368-69 (footnote omitted).  Therefore, unlike the case presently before this court, in *Taylor*, there was no issue concerning the finality *vel non* of an agency's action or decision in addition to the question of whether the plaintiff had satisfied the requirements of administrative exhaustion.

Against this backdrop, the court now addresses whether it has subject matter jurisdiction to hear Plaintiff's case.  Turning to the *Digital Properties* factors, the court first finds that Plaintiff has not presented it with a sufficiently "mature claim for review[,]" 121 F.3d at 590, upon which this court "'could make a 'well-reasoned, [Social Security benefits] decision.'" 121 F.3d at 591 n.4 (quoting *Hallandale Professional Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 760 (11th Cir. 1991)).  In particular, this court is ill-equipped to make a ruling, much less an effective one, in the absence of a final agency decision by Defendant on Plaintiff's SSI claim.  Instead, Plaintiff's inchoate litigation disputing a non-final agency action is much too abstract and speculative, "and this court has neither the power nor the inclination to resolve it." *Digital Properties*, 121 F.3d at 591 (citations omitted).

As for the second *Digital Properties* factor, although the Eleventh Circuit

identified hardship to the parties as a relevant ripeness inquiry, the decision did not directly analyze that factor's existence *vel non* and, instead, affirmed the district court's dismissal due to "Digital's erroneous presumptions and impatience [that] led it to rush to the courthouse and present an insufficiently concrete claim." 121 F.3d at 591. Therefore, under Eleventh Circuit precedent, the presence of the first *Digital Properties* factor, at least under certain circumstances, can establish that a matter is constitutionally unfit for review without ever expressly evaluating the second factor.

Alternatively, to the extent that this court must expressly consider hardship and assuming without deciding that the reconsideration of the decision to suspend Plaintiff's SSI benefits sufficiently shows hardship in "withholding court consideration[,]" 121 F.3d at 589 (citations omitted), any degree of such hardship is substantially outweighed by the underdeveloped nature of Plaintiff's potential, and still not yet final, suspension of SSI benefits claim. Accordingly, an evaluation of both *Digital Properties* factors confirms that this lawsuit is not sufficiently developed for judicial review.

Furthermore, nothing contained in Plaintiff's complaint or in response to the show cause order persuades this court that it may properly exercise subject matter jurisdiction over Plaintiff's action. Therefore, the court is in agreement with Defendant that Plaintiff's premature complaint is due to be dismissed without

prejudice for lack of subject matter jurisdiction.[4]

## IV. CONCLUSION

Accordingly, Defendant's Motion is due to be granted on lack of subject matter jurisdiction grounds only. The court will enter a separate order of dismissal consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 25th day of January, 2011.

 

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4] Because the court concludes that it lacks subject matter jurisdiction to hear Plaintiff's unripe action under Rule 12(b)(1) of the Federal Rules of Civil Procedure, it does not reach the merits of Defendant's alternative failure to exhaust administrative remedies defense to the extent that such theory has in fact even been properly presented to the court pursuant to Rule 12(b)(6).